UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT HARRIS, | Case No. 1:25-cv-1304 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jennifer Dowdell Armstrong |
| CITY OF WILLOUGHBY, | |
| Defendant. | |

**OPINION AND ORDER**

On November 25, 2024, Plaintiff Robert Harris filed suit in federal court challenging a traffic stop and subsequent proceedings for traffic offenses in the City of Willoughby. (Case No. 1:24-cv-2054, ECF No. 1.) In that case, Mr. Harris's complaint is based entirely on sovereign citizen ideology. For example, he refers to himself as a "'natural' born alive, living breathing 'stand alone' individual"—a statement that is irrelevant to whether he is subject to municipal traffic codes—and mistakenly believes that Congress is a corporation. (*Id.*, PageID #3 & #5.) On January 3, 2025, Defendant moved to dismiss that action. (*Id.*, ECF No. 5.) On May 20, 2025, the Court granted that motion. (*Id.*, ECF No. 21.) On May 23, 2025, Plaintiff filed a "motion for reversal of judgment." (*Id.*, ECF No. 23.) On July 11, 2025, the Court denied that motion. (*Id.*, ECF No. 24.) On July 14, 2025, Plaintiff filed another "motion to reverse judgment and order." (*Id.*, ECF No. 25.)

On May 23, 2025, the same day that he filed his "motion for reversal of judgment," Plaintiff filed another lawsuit against the City of Willoughby, this time in

State court. (ECF No. 1-3.) He argued that same traffic stop and proceedings violated his privacy rights. (*Id.*, PageID #9.) Again, this second complaint exhibits sovereign citizen ideology, arguing that he was exempt from traffic regulation because he is a "private being-person" who did not use his truck for "public transportation needs." (*Id.*, PageID #10 & #14.) These are made-up concepts that do not have any weight in the governance of human affairs in our country, let alone in actual litigation.

On June 24, 2025, Defendant removed the case to federal court on the basis of federal question jurisdiction. (ECF No. 1.) On July 1, 2025, Defendant moved to dismiss. (ECF No. 4.) On July 14, 2025, Plaintiff filed a "motion to reverse judgment and order," which is duplicative of the motion he filed in Case No. 1:24-cv-2054 the same day. (ECF No. 6.)

Mr. Harris is deeply mistaken about the law. For example, he cites definitional statutes that limit certain terms or definitions to particular laws, seeming to believe that the definitions apply to all laws everywhere. Nonsense. He claims that traffic stops are "solely for the purposes of enforcing commercial transportation." (ECF No. 1-3, PageID #11.) He asserts that there is a constitutional right to use an automobile without a license and that, when it comes to the State's ability to impose a license requirement, there is some difference between an "automobile" and a "motor vehicle" and driving for private or for commercial purposes. (*Id.*, PageID #15.) He thinks that traffic offenses cannot be criminal violations. (ECF No. 6, PageID #65.) None of that is true.

However, this Court need not dwell on Plaintiff's many legal misunderstandings. *Res judicata* bars this action.

## ANALYSIS

The term "*res judicata*" literally means "a matter [already] judged." Black's Law Dictionary (11th ed. 2019). The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one court has already resolved the merits of a case, another will not revisit them. *Id.* Therefore, the doctrine of res judicata precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The purpose of this doctrine is to promote the finality of judgments, which in turn increases certainty, discourages multiple litigation, and conserves judicial resources. *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if based on the same the facts or incidents creating the right of action as the prior case and the evidence necessary to sustain each action are the same. *Id.*

The doctrine of *res judicata* consists of two separate preclusion concepts, issue preclusion and claim preclusion. *Heyliger v. State Univ. & Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. 1997). Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. *New Hampshire v.*

*Maine*, 532 U.S. 742, 748-49 (2001). Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim. *Id.*

Both issue preclusion and claim preclusion bar this action. Plaintiff already challenged the constitutionality of the same traffic stop and proceedings in his prior action in Case No. 1:24-cv-2054. Indeed, he filed identical motions in both cases. A different Judge of this Court already addressed those claims on the merits and dismissed them. *Res judicata* bars him from bringing the same claims a second time in this action.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss (ECF No. 4) and **DENIES** Plaintiff's motion to reverse judgment (ECF No. 6). The Court admonishes Plaintiff that it will not tolerate serial motions for reconsideration, whatever he wants to call them, and that if he engages in the same practice of filing multiple, repetitive, meritless motions in this case as he appears to have done in his prior action, the Court will not hesitate to limit or restrict his ability to file.

**SO ORDERED.**

5

Dated: July 28, 2025

                                          J. Philip Calabrese
                                          United States District Judge
                                          Northern District of Ohio