# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ROBERT HARRIS, ) | Case No. 1:25-cv-1304 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Jennifer Dowdell Armstrong |
| CITY OF WILLOUGHBY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

On July 28, 2025, the Court granted Defendant's motion to dismiss. (ECF No. 11.) The following day, Plaintiff filed a motion titled "motion for reversal, motion for 12(b)(1) dismissal, and motion for additional filings." (ECF No. 13.) In this motion, Plaintiff argues that the Court should have remanded his case to State court under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that before a plaintiff may seek to recover damages for an allegedly unconstitutional conviction or imprisonment, the plaintiff must prove that the conviction or sentence was reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486–87. Plaintiff's removed case was not a direct appeal of his State proceedings. Nor was it a new, collateral attack on those proceedings. Because he raised federal constitutional claims in his complaint, the Court had federal question jurisdiction over his lawsuit. 28 U.S.C. § 1331.

Additionally, Plaintiff objects to what he claims is the Court's opinion that he is a sovereign citizen. The Court reiterates its observation that his arguments exhibit

ideas commonly known as "sovereign citizen ideology," as demonstrated by the various beliefs the Court identified in its dismissal order. *See, e.g.,* Caesar Kalinowski IV, *A Legal Response to the Sovereign Citizen Movement*, 80 Mont. L.R. 153 (2019); J.M. Berger, *Without Prejudice: What Sovereign Citizens Believe* (Geo. Wash. Program on Extremism, June 2016). Whatever Plaintiff wishes to call them—sovereign citizen, de jure citizen, American state national—such arguments are meritless and based on fundamentally mistaken beliefs about history and law. Plaintiff is entitled to believe whatever he likes. But the Court is not obligated to accept those ideas, let alone give them the force of a judgment or opinion.

In its dismissal order, the Court admonished Plaintiff that it would "not tolerate serial motions for reconsideration, whatever he wants to call them, and that if he engages in the same practice of filing multiple, repetitive, meritless motions in this case as he appears to have done in his prior action, the Court will not hesitate to limit or restrict his ability to file." (ECF No. 11, PageID #91.) Accordingly, the Court **ENJOINS** Plaintiff from filing any new motions in this case without first seeking and obtaining leave to do so.

**SO ORDERED.**

Dated: July 30, 2025

                                    J. Philip Calabrese
                                    United States District Judge
                                    Northern District of Ohio